MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENT,
v. LOUIS MEYER ET AL., APPELLANTS.

Submitted October 11, 1929—Decided May 19, 1930.

For the appellants, *Mark A. Sullivan.*

For the respondent, *Thomas J. Brogan* and *Frank J. Reardon.*

The opinion of the court was delivered by

TRENCHARD, J.   The municipality of Jersey City instituted condemnation proceedings to acquire a tract of land and premises belonging to Morris Meyer, Louis Meyer and Minnie Meyer, located at the intersection of Newark avenue and Railroad avenue in that city.   The condemnation commission appointed by the justice of the Supreme Court awarded

the owners $50,000. The owners were dissatisfied and appealed to the Hudson County Circuit Court. The appeal was tried by the court and jury and the verdict was for the same amount as that fixed by the condemnation commissioners. This is the appeal of the owners from the judgment entered upon such verdict.

The trial judge instructed the jury that they were to find "what was the fair market value for this property as of February 9th, 1928, at the time when the condemnation proceedings were started," and no objection was made to such instruction.

The first and principal contention made on this appeal is that certain photographs of properties in the immediate neighborhood and surrounding the property taken by condemnation were illegally admitted in evidence. The photographs said to have been illegally admitted showed the character of the property as it existed on February 9th, 1928. And in view of the fact that the appellants seem to contend, and the evidence tends to show, that a considerable number of improvements to the various properties exhibited in the photographs were made since the photographs were taken, it seems to us that the admission of the photographs was well within the discretion of the trial court, and affords no cause for reversal.

While objection was made to the admission of the photographs when they were admitted, no reason was then given for such objection, nor did the trial judge then state his reason for his action. But regardless of that, we believe, for reasons we will now state, that the admission of the photographs does not call for a reversal.

Where an appeal is taken from an award of commissioners in a condemnation proceeding, the jury are required to make an inspection of the property and premises sought to be condemned. It is so provided in section 12 of the Eminent Domain act. *Comp. Stat., p.* 2186. See, also, *Hinners* v. *Edgewater and Fort Lee Railroad Co.,* 75 *N. J. L.* 514. The record of the trial of the present case shows that on November 20th, 1928, "the jury viewed the *locus in quo,* and returned to the court room." Assuming, as the evidence tends to show,

that a number of changes in the characteristics of the surrounding properties had been made after the beginning of the condemnation proceeding, it seems proper that the jury should become aware of the difference in the character of the property at the time they inspected it and at the time the proceeding was instituted, for their obligation, like that of the commissioners, was to. fix the value of the property in the condition in which it was on the date of filing the petition and order fixing the time and place for the condemnation proceeding. It would, of course, be helpful to the jury in the performance of their duty to know what the situation was at that time as well as what it was at the time of their personal inspection. *Hinners* v. *Edgewater and Fort Lee Railroad Co., supra.* We have held that "it is a matter largely in the discretion of the trial judge, as to how far he will permit evidence as to collateral conditions, and unless it is clear that his discretion has been abused, the appellate court will not disturb the ruling." *In re Board, &c., West New York,* 103 *N. J. L.* 419.

It is next argued that the judge erred in permitting a witness produced by the city to testify as to the sale price of property in the neighborhood of the property in question. We think not. The witness was qualified as an expert, and his testimony as to the recent sale price of property in the immediate neighborhood of the property being condemned, and of substantially similar character, was properly admitted.

Lastly, it is argued that the judgment should be reversed because the judge instructed the jury as follows: "Income in this case means what it says, money coming in from property, not what some expert in the case says he thinks it ought to bring as rent."

The accuracy of this instruction as a definition of income is not challenged. The complaint is that "it is not clear just what the court intended." We think the instruction was legally correct, was perfectly clear so far as it went, and was appropriate to at least one phase of the case. Where, as here, an instruction given is legally correct and appropriate to at least one phase of the case, a party thinking that it is mis-

leading as to another phase because not sufficiently clear, and conceiving that he is aggrieved thereby, should ask the trial judge to modify the instruction or to give an additional instruction (*Lange* v. *New York, Susquehanna and Western Railroad Co.*, 89 *N. J. L.* 604); and that the appellants did not do.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.